UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

STEVEN SANZONE,

                 Petitioner,

       -against-

P.O. SHEREE L. GOODE,

                 Respondent.
-------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER

10-CV-4431 (KAM)

MATSUMOTO, United States District Judge:

On September 28, 2010, petitioner Steven Sanzone, appearing *pro se*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2006 Richmond County conviction. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court directs petitioner to show cause within 30 days of the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.

## Background

On January 5, 2006, petitioner was sentenced upon his guilty plea before the Supreme Court of the State of New York, Richmond County, to five years probation. Petition at ¶¶ 1-6. Petitioner did not appeal his conviction or file a petition for certiorari in the United States Supreme Court. Petition at 3. Petitioner now challenges his conviction and alleges that his attorney and the prosecutor falsified documents and that he was "tricked into pleading guilty to fraudulent charges." Petition at 6-9, 12. Petitioner also alleges excessive bail. Petition at 9.

<u>Discussion</u>

With the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April

24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas

corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-

year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> state action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court and made retroactively applicable
> to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[1] the instant petition appears untimely.

Petitioner's conviction became final on or about February 6, 2006, upon expiration of the 30-day

period for filing a direct appeal with the Appellate Division. <u>Bethea v. Girdich</u>, 293 F.3d 577, 578

(2d Cir. 2002); N.Y. Crim. Proc. Law § 460.10(1)(a). In order to be timely, this petition should have

been filed in federal court on or before February 6, 2007. Instead, this petition was filed on

September 28, 2010, <u>see</u> Petition at 1, 15, more than three years after the limitations period had

already expired. Therefore, the petition is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

---

[1] Petitioner does not state any facts to suggest that subsections (B)-(D) are applicable.

Tolling

A.    Statutory Tolling

  In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999); see also Carey v. Saffold, 536 U.S. 214 (2002). Here, petitioner admits that he did not file any post-conviction motions in the state courts. Therefore, this provision does not apply.

B.    Equitable Tolling

  The limitations period, however, may be equitably tolled. Holland v. Florida, — U.S. —, 130 S.Ct. 2549, 2560 (June 14, 2010); Smith, 208 F.3d at 17 (equitable tolling is available if petitioner can demonstrate that "extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll"). Petitioner does not make any arguments suggesting that equitable tolling should apply to this petition.

Conclusion

Accordingly, the Court directs petitioner to show cause by written affirmation,[2] within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred under the AEDPA's one year statute of limitations. Day v. McDonough, 547 U.S. 198, 209 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). If applicable, petitioner's affirmation should present any facts which would support equitable tolling of the period of limitations.

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

/S/

KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
October 5, 2010

---

[2] An affirmation form is attached to this order for petitioner's convenience.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

STEVEN SANZONE,

                     Petitioner,

    -against-

P.O. SHEREE L. GOODE,

                  Respondent.
_____X

**PETITIONER'S
AFFIRMATION**

**10-CV-4431 (KAM)**

      STEVEN SANZONE, appearing *pro se*, makes the following affirmation under the

penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in

response to the Court's Order dated _____. The instant petition should not be time-

barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

     In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

                           _____
                           Signature & Identification Number

                           _____
                           Address

                           _____

                           _____
                           City, State & Zip Code