```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
STEVEN SANZONE,

                Plaintiff,
                                                                MEMORANDUM &
        - against -                                             ORDER
                                                                10-CV-4431 (KAM)
P.O. SHEREE L. GOODE,

                Defendant
----------------------------------------------------X
```
GOLD, S., *United States Magistrate Judge*:

Steven Sanzone brings this petition for a writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Sanzone pled guilty in Richmond County to Criminal Contempt in the First Degree, N.Y. Penal Law § 215.51, and was sentenced to 5 years probation. Habeas Pet. ¶¶ 1-3, 5. Mr. Sanzone, currently proceeding *pro se*, has filed an application for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Docket Entry 6. The Honorable Kiyo A. Matsumoto has referred his application to me.[1]

Section 1915(e)(1) provides that a court "may request an attorney to represent any person unable to afford counsel." A litigant seeking counsel must meet two threshold requirements: 1) financial hardship and 2) a legal claim or defense "'likely to be of substance,'" or that has "'some chance of success.'" *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003) (*quoting Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986)).

---

[1] Although Judge Matsumoto referred the motion to me to report and recommend, a magistrate judge has the authority to decide a motion for appointment of counsel pursuant to 28 U.S.C. § 636(b)(1)(A). I therefore issue my ruling on the motion as a Memorandum and Order, and the "clearly erroneous or contrary to law" standard set forth in Federal Rule of Civil Procedure 72(a) governs any objections to this Order.

Here, Mr. Sanzone's habeas petition has little, if any, chance of success. Under AEDPA, a petition for a writ of habeas corpus must be filed within one year from "the date on which the judgment became final." 28 U.S.C. § 2244(d)(1)(A). Mr. Sanzone pled guilty on November 14, 2005, and was sentenced on January 5, 2006. He did not appeal his conviction in state court. Thus, his conviction became final thirty days following his sentencing, or February 5, 2006. *See* N.Y. C.P.L. § 460.10(1)(a); *see also Taylor v. Cuomo*, 2007 WL 3540351, at *3 (E.D.N.Y. Nov. 14, 2007). Mr. Sanzone did not file the instant habeas petition until September 28, 2010. Thus, his petition is untimely by more than three years. *See also* Matsumoto M&O dated Oct. 5, 2010, Docket Entry 5.

Petitioner seeks equitable tolling based on the fact that he only recently learned about habeas corpus petitions and that for some time in 2006 he diligently pursued the manner, to no avail, with several attorneys. Sanzone Letter dated Oct. 18, 2010, Docket Entry 5. Petitioner's arguments for equitable tolling, however, are not likely to succeed. In light of the statute of limitations issue, I find that petitioner's habeas petition does not have even "some chance of success."

Sanzone's petition has virtually no chance of success for a second reason as well. AEDPA requires that habeas petitioners serving state sentences first exhaust all available state court remedies. 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

> State remedies are deemed exhausted when a petitioner has:
> (i) presented the federal constitutional claim asserted in the petition
> to the highest state court (after preserving it as required by state
> law in the lower courts) and (ii) informed that court (and lower
> courts) about both the factual and legal bases for the federal claim.

*Ramirez v. Attorney General of New York*, 280 F.3d 87, 94 (2d Cir. 2001). Mr. Sanzone states in his habeas petition that he did not file a state court appeal from his conviction. Habeas Petition ¶ 8; *see also* Grady Aff. ¶ 3, Docket Entry 7. Thus, the claim raised in this petition is unexhausted and is virtually certain to be dismissed as a result.

For these reasons, petitioner's application for appointment of counsel is denied.

/s/
**Steven M. Gold**
**United States Magistrate Judge**

**December 13, 2010**
**Brooklyn, New York**

A COPY OF THIS ORDER WAS MAILED ON THIS DAY TO STEVEN SANZONE:

Steven Sanzone
755 Narrows Rd. North, Apt. 1009
Staten Island, NY 10304

*U:\eoc 2010\sanzone -- counsel.wpd*