UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X
STEVEN SANZONE,                                    **NOT FOR PRINT OR**
                                                   **ELECTRONIC PUBLICATION**

                    Petitioner,

                                                   **MEMORANDUM & ORDER**
       -against-                                   10-CV-4431 (KAM)(SMG)

P.O. SHEREE L. GOODE,

                    Respondent.
------------------------------------X

**MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

*Pro se* petitioner Steven Sanzone ("petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1, Petition for Writ of Habeas Corpus, dated Sept. 28, 2010 ("Pet.").) Respondent P.O. Sheree L. Goode ("respondent") moves to dismiss the petition on the ground that it is time barred. (*See generally* ECF No. 10, Answer to Petition For Writ of Habeas Corpus ("Grady Aff."); ECF No. 10-1, Memorandum of Law in Opposition to Writ of *Habeas Corpus* ("Opp. Mem.").)  Also before the court is a letter from petitioner and petitioner's reply to respondent's motion. (ECF No. 4, Response to Memorandum and Order ("Pet. Aff."); ECF No. 13, Answer to Petition for Writ of Habeas Corpus ("Pet. Reply"); ECF No. 13-1, Response to Memorandum of Law in Opposition to Writ of Habeas Corpus ("Pet. Reply Mem.").)  For

1

the reasons set forth below, the respondent's motion to dismiss the petition for a writ of habeas corpus is granted in its entirety.

### BACKGROUND

On September 28, 2010, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See generally* Pet.) The petition arises from petitioner's conviction, on January 5, 2006, in Supreme Court, Richmond County, of Criminal Contempt in the First Degree in violation of New York Penal Law § 215.51(b)(iii), following his guilty plea, and his sentence of a five-year probation period, which concluded on January 5, 2011. (Grady Aff. at ¶ 2.) Petitioner did not make any post-conviction motions and did not appeal the judgment of conviction. (*Id*. at ¶ 7; Pet. at 2-13.)[1] Petitioner's conviction thus became final on or about February 6, 2006, upon expiration of the 30-day period for filing a direct appeal with the Appellate Division. *See, e.g.*, *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (holding that where petitioner did not timely appeal judgment of conviction, conviction became final 30 days after judgment).

---

[1] The court cites to the page numbers indicated by the Electronic Case Filing system.

On July 7, 2009, *pro se* petitioner filed in this court a civil action pursuant to 42 U.S.C. § 1983 against Richmond County District Attorney Daniel M. Donovan, Assistant District Attorney Duncan Brown, and petitioner's former defense attorney, Robert DePalma, alleging that the three defendants conspired to "trick" petitioner into pleading guilty to charges that were not on his indictment. (Grady Aff. at ¶ 8.) On November 9, 2010, this court granted defendants' motion to dismiss the action on the ground that it failed to state a cognizable claim. (*Id.*)

Petitioner filed the instant petition for a writ of habeas corpus on September 28, 2010. (*See generally* Pet.) Respondent summarizes petitioner's arguments in support of his petition for a writ of habeas corpus as follows: (1) the Richmond County Assistant District Attorney and Petitioner's former defense attorney, Mr. DePalma, falsified documents and the charges against petitioner, in violation of the Fifth and Fourteenth Amendments to the United States Constitution; (2) the Richmond County District Attorney's Office and Mr. DePalma, with the complicity of the Richmond County Supreme Court Clerk's Office, conspired to arrange for petitioner to plead guilty to fraudulent charges, and the Supreme Court Clerk's Office falsified documents, in violation of petitioner's Sixth Amendment right to effective counsel; (3)

3

the $3,000 bail set during the pendency of petitioner's case was excessive, in violation of the Eighth Amendment; and (4) the Richmond County District Attorney's Office and Assistant District Attorney Duncan Brown violated petitioner's Fourteenth Amendment right to due process. (Grady Aff. at ¶ 9.)

On October 5, 2010, the court ordered petitioner to show cause by written affirmation why the petition should not be dismissed as time-barred. (*See generally* ECF No. 3, Memorandum and Order, dated Oct. 5, 2010.) Petitioner responded with a letter dated October 19, 2010, arguing that his petition should not be dismissed as time-barred because equitable tolling should apply. (*See generally* Pet. Aff.) On October 25, 2010, the court ordered respondent to respond to the petition, and on December 22, 2010, respondent filed an affirmation and memorandum of law in opposition to petitioner's petition. (*See generally* Grady Aff.; Opp. Mem.) On February 22, 2011, petitioner filed a reply in further support of his petition. (*See generally* Pet. Reply; Pet. Reply Mem.)

## DISCUSSION

A petition for a writ of habeas corpus filed by a person in state custody is governed by, *inter alia*, the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"). The AEDPA imposes a one-year statute of limitations for seeking federal habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1); *see Lawrence v. Florida*, 549 U.S. 327, 331 (2007); *Saunders v. Senkowski*, 587 F.3d 543, 546 (2d Cir. 2009); *Clark v. Artus*, No. 09-CV-3577, 2010 U.S. Dist. LEXIS 33096, at *8 (E.D.N.Y. Apr. 1, 2010). Pursuant to the AEDPA, the limitation period runs

> from the latest of — (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Clark*, 2010 U.S. Dist. LEXIS 33096, at *8-9. Because petitioner states no facts indicating that subsections (B)-(D) apply, the court will examine subsection (A).

The one-year limitation period may be tolled for statutory or equitable reasons. Pursuant to the AEDPA, the limitations period is tolled while a state prisoner seeks post-conviction relief in state court:

5

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2); *see Lawrence*, 549 U.S. at 331; *Clark*, 2010 U.S. Dist. LEXIS 33096, at *9.

Furthermore, the one-year limitation period may be tolled for equitable reasons. *See Rodriguez v. Bennett*, 303 F.3d 435, 438 (2d Cir. 2002). "To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 549 U.S. at 336 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (holding that equitable tolling is only available when the petitioner is prevented from timely filing by circumstances beyond his control and acted with reasonable diligence throughout the period he seeks to toll). Equitable tolling is available only in "rare and exceptional circumstance[s], and where the petitioner demonstrate[s] a causal relationship between the extraordinary circumstances . . . and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time

6

notwithstanding." *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (internal quotation marks and citations omitted). "The term extraordinary does not refer to the uniqueness of the petitioner's circumstances, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." *Id.* at 231-32 (internal quotation marks and citation omitted). Further, petitioner has the burden to establish that he exercised reasonable diligence in discovering the factual predicate of his habeas claims. *See Shabazz v. Filion*, No. 9:02-CV-0939, 2006 U.S. Dist. LEXIS 73356, at *15-16 (S.D.N.Y. Jan. 25, 2006) (collecting cases).

Here, petitioner's conviction became final on or about February 6, 2006, 30 days after the judgment of his conviction in Richmond County Court. *Bethea*, 293 F.3d at 578; N.Y. Crim. Proc. Law § 460.10(1)(a). Thus, the one-year limitations period began on February 6, 2006 and expired on February 6, 2007. During that time, petitioner did not file an appeal or any post-conviction motions. (Pet. at 2-13; Grady Aff. at ¶ 7.) According to petitioner, however, during the initial 30-day period after his conviction he asked his defense attorney four times to "withdraw [his] guilty plea," which Mr. DePalma refused to do. (Pet. Reply at 3.) After the initial 30-day period, petitioner contacted six other

7

attorneys but did not retain any of them for legal action and did not thereafter file an appeal or motion to withdraw his plea. (Pet. Reply Mem. at 9-10.)

Petitioner did not file the instant petition until September 28, 2010, approximately three years and seven months after the limitations period expired. *See, e.g., Doyle v. Yelich*, No. 05-CV-2750, 2005 U.S. Dist. LEXIS 22758, at *6 (E.D.N.Y. Oct. 7, 2005) (dismissing § 2254 petition as time-barred where it was filed nine months after the statute of limitations had expired).[2] Accordingly, the petition is barred by the one-year statute of limitations imposed by AEDPA.

Nor is the petition made timely through application of equitable tolling. Petitioner argues that he is entitled to equitable tolling because of his *pro se* status, ignorance of the law, and his failed efforts to hire an appellate lawyer. (Opp. Mem. at 4.) In response, respondent argues that none of these constitute the "extraordinary circumstances" required to equitably toll a petition for a writ of habeas corpus. (*See generally* Opp. Mem.)

The court agrees that petitioner has not sustained his burden to demonstrate his entitlement to equitable tolling. As discussed above, equitable tolling is available

---

[2] The court notes that petitioner also waited to file his petition until three months before his probationary period expired.

in "rare and exceptional circumstances" if petitioner can show that (a) "extraordinary circumstances prevented him from filing his petition on time" and (b) that he "acted with reasonable diligence throughout the period he seeks to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (citation omitted). Ignorance of the law by a *pro se* petitioner does not constitute an extraordinary circumstance that warrants equitable tolling. *See, e.g.*, *Bowman v. Walsh*, No. 07-CV-3586, 2007 U.S. Dist. LEXIS 71060, at *4-5 (E.D.N.Y. Sept. 24, 2007). As respondent points out, many convicted petitioners are ignorant of the law and face even greater challenges than the petitioner in this case, who was not incarcerated during the limitations period. (Opp. Mem. at 7.) Even assuming that petitioner attempted to file an appeal of his conviction through counsel, his failed attempts, if any, do not constitute grounds for equitable tolling. *See, e.g.*, *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (holding that a petitioner who was aware that he had been "abandoned" by his counsel, yet failed to timely file an appeal through other means, was not diligent and not entitled to equitable tolling).[3]

---

[3] On the record before the court, it is not clear if petitioner asked his attorney to appeal his conviction. (Pet. Reply at 3 ("I did approach Mr. DePalma. . . to ask him to withdraw my guilty plea – which he refused to do. I may not have used the word 'appeal' but as an attorney it should have been obvious to him.").) Nonetheless, the court has considered

9

Petitioner fails to demonstrate that he acted with reasonable diligence throughout the period he seeks to toll. Specifically, petitioner failed to file an appeal, ask for an extension of time, move for permission to file a late notice of appeal, or exhaust any other remedy at the state court

---

whether petitioner's attorney had an independent obligation to advise petitioner about his appellate rights. While in some circumstances an attorney has the duty to advise his client, upon conviction, of his right to appeal, the Supreme Court has held that such a duty is conditional on whether, given the totality of the client's circumstances, it would be "objectively reasonable" for an attorney to advise his client to appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000) (holding that counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when "there is reason to think. . . that a rational defendant would want to appeal" or when the defendant has reasonably demonstrated an interest in appealing) (citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). A "highly relevant factor" in a court's inquiry of whether an attorney acted reasonably is whether the defendant pled guilty. *Id*. A guilty plea both "reduces the scope of potentially appealable issues" and "may indicate that the defendant seeks an end to judicial proceedings." *Id*. If a defendant pled guilty, in considering whether the attorney acted reasonably in advising the defendant not to appeal, the court should further consider whether the defendant received the sentence bargained for and whether the defendant waived the right to appeal. *Id*.

In interpreting *Flores-Ortega*, the Second Circuit, in 2006, held that an attorney is required to file either an appeal on his client's behalf or file an *Anders* brief on behalf of any defendant who wishes to appeal, even when that defendant has waived his appellate rights in a plea bargain. *Campusano v. United States*, 442 F.3d 770, 774-75 (2d Cir. 2006). Because *Campusano* was decided in March of 2006, however, one month after petitioner's conviction became final, it is not controlling on petitioner's case. *See Teague v. Lane*, 489 U.S. 288, 310 (1989) ("[N]ew constitutional rules of criminal procedure [on habeas corpus] will not be applicable to those cases which have become final before the new rules are announced."). Rules of criminal procedure are applied retroactively only if they place "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or are "implicit in the concept of ordered liberty." *Id*. at 307 (internal citations omitted). Neither of these exceptions applies to the rule set forth in *Campusano* and, thus, *Campusano* does not apply retroactively to petitioner's conviction.

The court finds that, under the pre-*Campusano Flores-Ortega* standard, petitioner's attorney acted reasonably. Specifically, given that petitioner pled guilty and accepted a plea bargain; stated on record that he understood the terms of the plea bargain, including his waiver of appellate rights; stated on record that he was not coerced into accepting the plea bargain; and received the sentence he bargained for, it was objectively reasonably for petitioner's attorney not to file an appeal on petitioner's behalf.

10

level.  (*See generally* Pet.)  Petitioner offers his *pro se* status, ignorance of the law, and failed efforts to retain counsel as justification for his failure to exhaust any state court remedies.  (Opp. Mem. at 4.)  As discussed *supra*, however, none of these circumstances are so extraordinary as to warrant equitable tolling.  The court also notes that petitioner terminated his relationship with five of the six attorneys he contacted after Mr. DePalma on his own volition.  (Pet. Reply Mem. at 9-10.)  Finally, as respondent points out, petitioner wholly fails to account for his inactivity in pursuing his rights during the one-year period from July 2006 until July 2007.  (Opp. Mem. at 9.)

Accordingly, the court finds that petitioner has failed to establish any basis to equitably toll the one-year statutory limitation period.  Specifically, there is no indication that petitioner "diligently" pursued his rights or that any "extraordinary" circumstances prevented him from filing his petition within the one-year statutory limitation period.  Accordingly, respondent's motion to dismiss the petition as time-barred is granted.

## CONCLUSION

For the foregoing reasons, Steven Sanzone's petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus is dismissed in its entirety as time-barred.  The Clerk of the

Court is respectfully requested to enter judgment in favor of respondent and close this case. Respondent is directed to serve a copy of this Order on *pro se* petitioner and file a declaration of service by August 15, 2011.

**SO ORDERED.**

**Dated:** Brooklyn, New York
August 12, 2011

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York